**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RUSSELL G. KANE, JACOB M. NOLL
PAMELA L. ALWARD and GERALD SCHULTZ,

    Plaintiffs,

                                          CASE NO. 03-CV-70691-DT
v.                                        HONORABLE DENISE PAGE HOOD

KELLY SERVICES, INC.,

    Defendant.

_____/

## ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER

The matter comes before this Court on Magistrate Judge Donald A. Scheer's Order denying Plaintiff's Emergency Motion to Quash Subpoena and granting Defendant's Motion for an Order Compelling Discovery and Authorizations for the Release of Medical Records.

This Court reviews the Magistrate Judge's order for abuse of discretion. 28 U.S.C. § 636(b)(1)(A); *Nat'l Hockey League v. Metro Hockey Club, Inc*., 427 U.S. 639 (1976). An abuse of discretion will be found when the Magistrate Judge relies upon a clearly erroneous finding of fact, improperly applies the law, or uses an erroneous legal standard. *Romstadt v. Allstate Ins. Co.*, 59 F.3d 608 (6th Cir. 1995); *Logan v. Dayton Hudson Corp*., 865 F.2d 789 (6th Cir. 1989).

The Magistrate Judge made three findings in his order: (1) the communications between Plaintiff Kane and his psychotherapist are relevant to a material issue; (2) the privileged communications fell under the "patient-litigant exception" to the psychotherapist-patient privilege; and, (3) Plaintiff waived his psychotherapist-patient privilege.

The Court finds that the Magistrate Judge's holding that Plaintiff Kane's psychiatry records

1

are relevant is not clearly erroneous. The Court further finds that the Magistrate Judge did not err in finding that the psychotherapist-patient privilege applies but that the "patient-litigant exception" also applies.

Defendant claims that Plaintiff Kane was discharged because of Plaintiff Kane's repeated inappropriate interactions with coworkers, which were manifestations of Plaintiff Kane's psychological and personality traits. Plaintiff Kane voluntarily sought psychological counseling with Dr. Aroldo Aragones, during a period of paid leave, as an alternative to termination following an episode of inappropriate workplace behavior. Plaintiff Kane claims that Defendant's reason for the termination was pretextual. The Magistrate Judge stated that, "I am fully satisfied that plaintiff, in claiming that Kelly's proffered business justification is mere pretext, has placed his mental condition during the time period of Dr. Aragones' counseling in issue in this action. I therefore find that the 'patient-litigant' exception to the psychotherapist-patient privilege applies." (M. Op. at p. 8). The Court agrees with the Magistrate Judge that in order to overcome his burden of showing that Defendant's proffered reason for the termination based on behavioral problems was mere pretext, Plaintiff Kane may need to establish that he does not have such behavioral problems or that he overcame such problems through counseling. Plaintiff Kane's psychological condition is at issue in this case.

The Court further finds that the Magistrate Judge did not clearly err in holding that Plaintiff Kane waived the privilege because Plaintiff Kane testified at his deposition about his counseling with Dr. Aragones.

Accordingly,

IT IS ORDERED that Plaintiff's Objections to the Magistrate Judge's Order regarding the Motion to Quash and the Motion to Compel **(Docket No. 54, filed May 2, 2005)** are OVERRULED and the April 22, 2005 Order **(Docket No. 52)** entered by the Magistrate Judge is AFFIRMED.

Plaintiff Kane shall provide authorizations to counsel for Defendant within fourteen (14) days of the date of this Order authorizing Defendant to inspect and copy the records of Dr. Aragones regarding his treatment/counseling of Plaintiff Kane.  Dr. Aragones may be deposed on the same subject matter.

      /s/ DENISE PAGE HOOD
      DENISE PAGE HOOD
      United States District Judge

DATED: December 13, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 13, 2006, by electronic and/or ordinary mail.

      S/William F. Lewis
      Case Manager